May Term,
1841.

HARVEY
v.
COFFIN.

*Per Curiam.*—The judgment is affirmed with costs.
*C. Fletcher*, *O. Butler*, and *S. Yandes*, for the plaintiff.
*H. Brown*, for the defendant.

HARVEY *v.* COFFIN.

In an action for slanderous words charging a crime, it must appear that the
criminal act was imputed to the plaintiff; and if it be uncertain of whom
the words were spoken, the suit is not maintainable.

The appointment of a *prochein amy* for an infant plaintiff, at the term to
which the writ is returnable, does not entitle the defendant to a continu-
ance.

The plaintiff's *prochein amy* having been discharged as such pending the
suit, may be a witness for the plaintiff.

Thursday,
June 3.

APPEAL from the *Parke* Circuit Court.

SULLIVAN, J.—This was an action of slander by *Coffin*
against *Harvey*. At the commencement of the suit the plain-
tiff was an infant, and appeared by *Jethro Coffin* his next
friend. The declaration contains two counts. The first
count charges, that on, &c., there was a certain false report
in circulation, that is, that the plaintiff and others being sons
of *Jethro Coffin*, had stolen corn from said defendant; that
the plaintiff was then, and had been for a long time, to wit,
&c., a wagoner, and was the only one of the sons of said
*Jethro* who was a wagoner; that the plaintiff while so en-
gaged as a wagoner, and being clad with a bearskin collar,
to wit, &c., was met by one *A. M'Daniel;* that afterwards,
to wit, &c., said *M'D.*, in a certain conversation which he
then and there had with said defendant of and concerning the
said report, and of and concerning the sons of said *Jethro*
including the plaintiff, made of him the said defendant the
following inquiry, " Is it a fact that you caught one of *Coffin's*
boys (meaning said *Jethro's* sons) in your field stealing corn?"
that said defendant then and there to said interrogatory
falsely, &c. answered, " It is true," (meaning, &c.;) that said
*M'D.* further inquiring of said defendant, &c., asked him
" which of said *Jethro Coffin's* sons it was?" and informing
him that he had met one of *Jethro Coffin's* sons driving a

wagon and clad as before stated, he, the defendant, further contriving, &c., falsely, &c. said "that (meaning the plaintiff) is the very fellow"—"that is the one"—"he stole my corn." The second count recites a conversation with one *John Rubottom*, in which the same charges are contained as in the first count.

At the term to which the writ was returnable, the Court, on the motion of the plaintiff, appointed *Jethro Coffin* his *prochein amy*. The defendant thereupon moved the Court to continue the cause, which motion was overruled. To this the defendant excepted, and now assigns the refusal of the Court to continue the cause as error. There is no validity in this objection. The declaration was in form correct. If the plaintiff had not moved the Court for the appointment of a *prochein amy*, the defendant would not have been compelled to plead, because there was no person on the record that could be made liable for the costs that might be adjudged to him; but when the appointment was made, with the consent of the *prochein amy*, that objection was removed, and nothing remained to prevent the progress of the cause. No new party was introduced into the record.

The defendant pleaded the general issue. Verdict for the plaintiff, motion for a new trial overruled, and judgment on the verdict.

The Court was asked by the defendant to give to the jury certain instructions, to judge of the correctness of which, it is necessary to notice the evidence in the cause. The first witness testified, that he heard *Harvey* tell *Jethro Coffin* that he had caught one of his boys stealing corn out of his field, but could not tell which of them it was. Witness stated, that *Jethro Coffin* had three boys at that time, *Addison*, *Wilshire*, and *Newton*. Another witness, *Jethro Coffin*, (who had been removed as *prochein amy* before the trial,) swore that about eight or nine o'clock of the night of the 6th of *November*, 1837, *Harvey* and others came to his house, and inquired whether all his boys were at home? On being answered that they were, *Harvey* requested witness not to get mad, that he had caught somebody in his cornfield stealing corn, but as all his boys were at home, he was satisfied and would seek further. Next morning *Harvey* said to witness,

*[margin: May Term, 1841. HARVEY v. COFFIN.]*

that he had caught one of witness' boys stealing corn the night before; " that it was true and that he would swear to it," &c. Witness asked him which of the boys he referred to. *Harvey* replied, " thee knows better than I do," &c. Two other witnesses testified that they had a conversation with *Harvey* about the same matter, and on being asked who it was that he had chased from his cornfield, *Harvey* replied " I have not told thee." *Harvey* said that he had gone to *Coffin's* house, and had received rough language from *Jethro Coffin*. Witnesses further swore, that on the same day they met a young man driving a wagon, which one of them supposed to be a son of *Jethro Coffin*, but was not sure of it. *John Harvey*, who was in company with *Isaac Harvey*, the defendant in the Court below, remarked that the boy that usually drove the wagon wore a bearskin collar, &c. Witnesses then said that the person they met driving the wagon was so clad. *Isaac Harvey*, the defendant, thereupon remarked " that is the boy," or " that is the one." On being cross-examined, both witnesses said that the remark of *Harvey* was intended to designate the person spoken of as the wagoner, and not as the one that was chased from the cornfield. This was all the testimony offered by the plaintiff. It is not necessary to notice the defendant's testimony, as it does not at all affect the merits of the case.

The following instructions, amongst others, were asked by the defendant: 1. If the proof be, that defendant said " one of *Coffin's* boys stole my corn," it will not support the charge in the declaration; 2. If the proof be, that defendant said " I caught one of *Coffin's* boys stealing corn," it will not support the declaration; 3. It is not actionable to charge one of three persons with committing a larceny, unless the one of whom the defendant spoke can be identified. The instructions were refused by the Court, and the defendant excepted.

In an action for slanderous words charging a crime, the criminal act must be imputed to the plaintiff. If it be uncertain of whom the words were spoken, the action is not maintainable. In the case of *Wiseman* v. *Wiseman*, Cro. Jac. 107, the words were, " my brother is perjured." After verdict, it was resolved that the plaintiff should have judgment, but it was conceded that if the words had been " one of my

brothers is perjured," the action would not have lain, because <span>May Term, 1841.</span> it would then have appeared to the Court, that the defendant had more than one brother, and the want of certainty to <span>HARVEY v. COFFIN.</span> which brother the words related, would not have been cured by the averment and the verdict. So, in *Brown's* case, 1 Roll. Abr. 81, where three men had given evidence, and the defendant said to them, " one of you three is perjured," it was held that neither of them could maintain an action for the words spoken, because it was uncertain to which of the three the speaker alluded. The law is settled in conformity with the foregoing decisions.

In the present case, the plaintiff in his declaration avers that the defendant alluded to him, when he said that one of *Jethro Coffin's* sons stole corn, &c. This was an important and necessary averment, and being an averment essential to the plaintiff's right of recovery, it was necessary to prove it. The instructions asked by the defendant were to that point, that is, unless the plaintiff could be identified as the person of whom the defendant spoke, he could not maintain the action. The Court ought to have given the instruction. The refusal to do so may have misled the jury, and occasioned them to return a verdict against the defendant without sufficient proof of the application of the words to the plaintiff.

The remaining error assigned, that is, that *Jethro Coffin,* the *prochein amy,* after being discharged, could not be used as a witness by the plaintiff, is not tenable (1). A *prochein amy* may be discharged for the purpose of being used as a witness. *Burks* v. *Shain,* 2 Bibb, 341.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*J. A. Wright, R. A. Lockwood,* and *D. Mace,* for the appellant.

*T. A. Howard* and *W. P. Bryant,* for the appellee.

(1) The *prochein amy* was discharged as such, in consequence of the plaintiff's having arrived at full age during the pendency of the suit.